UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CINDY HAMMERSLEY, | : |
|     Plaintiff, | : |
|     vs. | :   No. 3:13cv1477(WIG) |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | : : |
|     Defendant. | : |

----------------------------------------------------------------X

ORDER GRANTING DEFENDANT'S CONSENT MOTION FOR ENTRY OF JUDGMENT
WITH REVERSAL AND REMAND [DOC. # 19]

    Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, has moved this Court to enter judgment with a reversal and remand of this cause to the Commissioner. Counsel for Defendant represents that he has contacted Plaintiff's counsel, Karl Osterhout, Esq., who consents to the relief sought in this motion.

    Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

    Here, the Commissioner has determined, and Plaintiff's counsel concurs, that remand of this case is necessary for further development of the record and additional administrative proceedings. Upon remand, the Social Security Administration's Appeals Council will remand

this case to an administrative law judge ("ALJ") for further proceedings and to issue a new decision on the issue of disability based upon Plaintiff's application for Title II and Title XVI benefits, protectively filed on December 8, 2010.  Upon remand, the ALJ will (1) update the medical record, if necessary; (2) further evaluate Plaintiff's subjective complaints and the medical opinion evidence; (3) reassess Plaintiff residual functional capacity; (4) if necessary, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's ability to perform other work; and (5) offer the Plaintiff the opportunity for a *de novo* hearing.

Accordingly, the Court hereby GRANTS the Defendant's Consent Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. # 19].  Additionally, Plaintiff's Motion for Summary Judgment [Doc. # 15] is GRANTED to the extent set forth in this Ruling.

This is not a Recommended Ruling.  The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge.  *See* Fed. R. Civ. P. 73(b).  The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

It is SO ORDERED, this ___2nd___ day of July, 2014, at Bridgeport, Connecticut.

                                                ___/s/ *William I. Garfinkel*___
                                                  WILLIAM I. GARFINKEL
                                                  United States Magistrate Judge